**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DONALD P. BAMANN,

             Plaintiff(s),          **DECISION & ORDER**
         v.                 10-CV-6301

DENNIS PATEL, PATEL GINA and
MICHAEL PATEL,

             Defendant(s).

---

#### Preliminary Statement

This employment discrimination action stems from *pro se* plaintiff's employment with defendants. In his Complaint, plaintiff alleges, *inter alia*, that the defendants violated his civil rights by unlawfully discriminating against him based on his race and religion and by subjecting him to unlawful retaliation for filing a complaint. (Docket # 1). Currently pending before the Court is plaintiff's motion to appoint counsel (Docket # 16) and defendants' motion to compel (Docket # 21).

#### Discussion

Plaintiff's Motion to Appoint Counsel: Plaintiff claims that the appointment of counsel is necessary because of his "lack of assets & current income," as well as the "complicated issues" involved with litigating the instant action. (Docket # 16).

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W.

Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).   An assignment of counsel is a matter within the judge's discretion. *In re* Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).   "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases."   Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).   The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.   If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, assuming that plaintiff's allegations satisfy the initial threshold showing of merit, I nevertheless conclude that appointment of counsel is not warranted at this particular time.   The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability

of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  On the record currently before the Court, plaintiff has not made an adequate showing that these factors warrant the appointment of counsel. Indeed, other than plaintiff's claimed lack of funds, there are no factors currently supported by the record that warrant the appointment of counsel.

The factual circumstances surrounding plaintiff's claims do not appear to be inordinately complicated.  Plaintiff claims that he worked for defendants' business, "The Budget Inn."  Plaintiff also resided at his place of employment.  A dispute arose as to plaintiff's pay and whether the rent he owed had been properly offset by his salary and plaintiff was terminated from his job and evicted from the hotel. Plaintiff claims the termination and eviction were based on, among other things, race and religious discrimination.  The factual issues alleged in the Complaint are not unusually complex, and, at least at this point in time, Mr. Bamann has shown that he is capable of prosecuting his case, as he has drafted coherent pleadings, attached relevant documents to his Complaint, and appears equipped to understand the litigation process. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the

ability to present his case").   Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination.   See Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"); see also Ruszkowski v. Kaleida Health Sys., No. 06-CV-715S(F), 2007 WL 4380160, at *2 (W.D.N.Y. Dec. 13, 2007)(Title VII employment discrimination case in which court found "no reason to appoint counsel" because plaintiff had demonstrated that "he is reasonably capable of prosecuting this matter").

Accordingly, plaintiff's motion to appoint counsel (Docket # 16) is **denied without prejudice to renew**.   Plaintiff may consult with the Western District *pro se* office attorneys for questions on process and procedure.

Defendants' Motion to Compel: In their motion to compel, defendants seek responses to their Interrogatories dated December 1, 2010.   (Docket # 21).   After the defendants' motion was filed plaintiff served his responses to defendants' Interrogatories. See Docket # 26.   However, in further support of their motion, defendants argue that plaintiff's responses to Interrogatories Nos. 1-4, 6, 9-11 and 15-16 are insufficient and request that the Court Order plaintiff to provide more complete responses and produce the

documents referred to in his responses.  <u>See</u> Docket # 25.

The Court, having reviewed the Interrogatories, the hand written answers filed by plaintiff and the papers in support of (Dockets ## 21, 25) and in opposition to (Docket # 26) the motion to compel has determined that plaintiff need not supplement his answers <u>at this time</u>.  Defense counsel has stated in his papers that he intends on deposing plaintiff in the near future.  There are several ways to obtain discovery in litigation.  Often, what would be a fairly straightforward discovery method when used with respect to a party that has a lawyer becomes complicated and cumbersome when seeking the same information from a <u>pro</u> <u>se</u> party who files handwritten responses.  The language used in the Interrogatories themselves contain phrases and language that non-lawyers would call "legalese."  The use of legal phrases and terms can be confusing and easily misunderstood by the non-lawyer.  The Court determines here that the information defendants seek can be more easily and efficiently obtained by asking simple, direct questions of plaintiff at a deposition.  The use of a deposition to obtain the information will also speed up the discovery process and put the case in a posture where the parties can make dispositive motions.  If, after completion of the deposition, defense counsel needs additional information or documentation, he may apply to this Court for leave to serve additional interrogatories or document demands.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 16) is **denied without prejudice to renew.** Defendants' motion to compel supplemental answers to certain Interrogatories (Docket # 21) is **denied without prejudice.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    September 23, 2011
          Rochester, New York